UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SPURWINK SERVICES, INC., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    2:25-cv-00026-JCN |
| | ) |
| JOHN DOE, et al., | ) |
| | ) |
|     Defendants | ) |

**ORDER ON MOTION TO PROCEED UNDER
INDIVIDUAL DEFENDANTS' PSEUDONYMS**

In this action, Plaintiff seeks declaratory relief regarding administrative proceedings conducted by the Maine Department of Education (MDOE) concerning a student's educational program. Plaintiff has joined as defendants, the MDOE, the Commissioner of the MDOE, the MDOE hearing officer, the Lewiston Public Schools, the student, and the student's parents.

Plaintiff asks the Court to permit the student and the student's parents to proceed under pseudonyms. (Motion to Proceed Under Pseudonyms, ECF No. 3.) Following a review of the record and after consideration of the relevant interests, the Court grants the motion.

**DISCUSSION**

Generally, the "title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also*, Fed. R. Civ. P. 17(a)(1) ("[a]n action must be prosecuted in the name of the real party in interest.") Courts, however, have recognized exceptions to this rule, and under certain circumstances have permitted a party to proceed under a pseudonym. The

First Circuit described the analysis that should govern a trial court's assessment of a request to proceed under a pseudonym:

> A district court adjudicating a motion to proceed under a pseudonym should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account. In most cases, the inquiry should focus upon the extent to which the facts align with one or more of the following paradigms: whether the case is one in which the movant reasonably fears that coming out of the shadows will cause him unusually severe physical or mental harm; whether the case is one in which compelled disclosure of the movant's name will likely lead to disclosure of a nonparty's identity, causing the latter substantial harm; whether the case is one in which compelled disclosure would likely deter, to an unacceptable degree, similarly situated individuals from litigating; or whether the federal suit is bound up with a prior proceeding subject by law to confidentiality protections and forcing disclosure of the party's identity would significantly impinge upon the interests served by keeping the prior proceeding confidential. Because these paradigms are framed in generalities, a court enjoys broad discretion to quantify the need for anonymity in the case before it. This broad discretion extends to the court's ultimate determination as to whether that need outweighs the public's transparency interest.

*Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 72 (1st Cir. 2022).

This action focuses on the educational needs of a student who is eligible to receive education and related services under the Individuals with Disabilities Education Act. Plaintiff has certain obligations under the law to maintain the confidentiality of the student's educational records. In addition, the issues generated by Plaintiff's complaint suggest that other confidential information concerning the student, including information regarding the student's health and welfare, is relevant to the case. Furthermore, disclosure of the parents' names would undoubtedly increase the likelihood that the student's name would be revealed.

Based on an assessment of the public interest in access to court records and the interests of the student, the Court finds that the privacy interests of the student outweigh the public interest in access to the information. The Court, therefore, will permit the student and the student's parents to proceed with use of pseudonyms.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's motion to permit the individual defendants to proceed with pseudonyms as alleged in the complaint.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of February, 2025.